UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

STATE FARM FIRE & CASUALTY )
COMPANY, )
 )
         Plaintiff )
 )
         v. )  CIVIL NO. 2:11 cv 419
 )
DAVID G. PIPCHOK, TINA )
BENKOVICH and JASON LOUIS )
BENKOVICH, as parents and next )
best friends of and on behalf )
J.B., a minor, )
 )
         Defendants )

## OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 31] filed by the plaintiff, State Farm Fire & Casualty Company, on June 15, 2012. For the reasons set forth below, the motion is **GRANTED.**

### Background

The plaintiff, State Farm Fire & Casualty Company, issued a homeowners insurance policy to the defendant, David Pipchok, effective August 26, 2006 through August 29, 2007. The policy provided coverage for bodily injury caused by an occurrence and stated that State Farm would pay the medical expenses incurred within three years from the date of an accident that caused bodily injury. The policy defined occurrence as "an accident, including exposure to conditions, which result in: a. bodily

injury; . . . ".  The policy specifically excluded:

> a. bodily injury . . . :
>
>> (1) which is either expected or intended by the insured; or
>>
>> (2) which is the result of willful and malicious acts of the insured;

On November 7, 2009, Jason and Tina Benkovich, as parents and next best friends of and on behalf of J.B., filed a complaint against David and Judy Pipchok, alleging that David Pipchok sexually molested, assaulted and battered, and intentionally inflicted emotional distress on J.B., a minor. The Benkovichs allege that the acts took place at Pipchok's residence. The Benkovichs have demanded compensation for J.B.'s injuries and damages.

State Farm filed a complaint with this court seeking a declaratory judgment that it does not owe a defense or have a duty to indemnify Pipchok for the claims made by the Benkovichs on behalf of J.B. States Farm filed a motion for summary judgment on June 15, 2012. Pipchok notified the court that he did not intend to file a response.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is

2

entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Kidwell v. Eisenhauer,* 679 F.3d 957, 964 (7th Cir. 2012); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's case, and on which [that party] will bear the burden of proof at trial . . .". *Kidwell*, 679 F.3d at 964 (*citing* *Benuzzi v. Bd. of Educ.*, 647 F.3d 652, 662 (7th Cir. 2011) (*quoting* *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2548).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjec-

tive feelings play dominant roles. *Ashman v. Barrows,* 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. *Wheeler*, 539 F.3d at 634 (*citing Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

See also *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; *Stephens,* 569 F.3d at 786;

*Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durflinger,* 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Interpretation of an insurance policy is a question of law to be decided by the court. *National Fire and Casualty Company v. West*, 107 F.3d 531, 534 (7th Cir. 1997). Insurance policies are interpreted according to the same rules of construction as other contracts. *St. Paul Fire & Marine Insurance Co. v. Schilli Transportation,* 672 F.3d 451, 455 (7th Cir. 2012); *Barga v. Indiana Farmers Mut. Ins. Group, Inc.*, 687 N.E.2d 575, 578 (Ind. App. 1997); *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind. 1997). Words are given their plain and ordinary meanings, and ambiguities are to be resolved in favor of the insured. *Schilli,* 672 F.3d at 455; *Anderson v. State Farm Mut. Auto. Ins. Co.*, 471 N.E.2d 1170, 1172 (Ind. App. 1984). When interpreting the contract, the court favors a meaning that provides coverage to the insured. *West,* 107 F.3d at 535; *Barga*, 687 N.E.2d at 578.

The Homeowner's Insurance Policy provides coverage for "occurrences" and specifically excludes coverage for bodily

injury or property damage caused by the intentional acts of the insured. An "occurrence" is defined by the policy as an accident. "[I]mplicit in the meaning of 'accident' is the lack of intentionality." *State Farm Fire & Cas. Co. v. C.W.*, 2010 WL 597930, *2 (N.D. Ind. Feb. 17, 2010). Indiana law explains the intentional conduct exclusion as follows:

> 1. The intent aspect means the "volitional performance of an act with an intent to cause injury . . ." *Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099, 1102 (Ind. App.1997); *Stevenson v. Hamilton Mut. Ins. Co.*, 672 N.E.2d 467, 470-472 (Ind. App. 1996).
>
> 2. "'Expected' injury means injury that occurred when the insured acted even though he was consciously aware that harm was practically certain to occur from his actions." *PSI Energy, Inc. v. Homes Ins. Co.*, 801 N.E.2d 705, 728 (Ind. App. 2004).

"If [insured's] actions were intentional, State Farm is entitled to a declaration that it owes [insured] neither defense nor indemnity and that State Farm isn't liable for any damages caused by [insured's] actions." *C.W.*, 2010 WL 597930 at *2.

The insurer's duty to defend is premised upon the underlying nature of the claim, not its merits, and the facts ascertained by the insurer after a reasonable investigation. *Terre Haute First Nat'l Bank v. Pacific Employers Ins. Co.*, 634 N.E.2d 1336, 1339 (Ind. App. 1993). "When the underlying factual basis of the complaint, even if proved true, would not result in liability

6

under insurance policy, the insurance company can properly refuse to defend." *West*, 107 F.3d at 535. If the factual basis of the claims rests entirely upon proof of intentional conduct, and a reasonable investigation does not produce evidence that the insured acted in any other manner, the insured's actions fall outside the definition of occurrence and are specifically excluded by the intentional act provision. *Terre Haute First Nat'l Bank*, 634 N.E.2d at 1339.

Indiana Code §35-42-4-3 defines child molestation as "[a] person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony." By its very definition, child molestation requires proof of intentional conduct. Courts in Indiana consistently have held that such intentional conduct does not constitute an "occurrence". *State Farm Fire & Casualty Co. v. C.F.*, 812 N.E.2d 181, 185 (Ind. App. 2004); *West*, 107 F.3d at 536 (explaining that it can be inferred from a defendant's acts of child molestation that he intended to harm the victim). In *C.F.*, the juvenile victim filed a civil action to recover damages for sexual abuse. *C.F.*, 812 N.E.2d at 185. State Farm moved for summary judgment, seeking a declaratory

7

judgment that it did not owe a duty to indemnify the defendant because the plaintiff's injuries were not the result of an occurrence. *C.F.*, 812 N.E.2d at 181. The Indiana Court of Appeals held that the conduct did not constitute an accidental occurrence covered under the policy because the underlying claims demanded proof that the policy holder knowingly or intentionally committed the acts against the minor as defined by the relevant criminal code. *C.F.*, 812 N.E.2d at 185.

The court must look to what the plaintiff in the underlying suit is required to prove to determine whether it falls within the scope of the insurance policy. Here it is undisputed that the Benkovichs' claim for child molestation requires proof of an intentional act – the intent to arouse or satisfy the desire of either a child or the other older person. *See* Ind. Code §35-42-4-3. The very definition demands proof of intentional conduct and removes the cause of action from the definition of occurrence as defined by the contract.

Although Pipchok was found not guilty at his criminal trial, this is not dispositive of the issue of intent. The policy holder's admission or denial of the act is not the determining factor when deciding whether the policy holder's actions were intentional. *See **Terre Haute First Nat'l Bank***, 634 N.E.2d at 1339. Rather, the court is required to look at the nature of the

underlying charges. *See **Liberty Mutual Insurance Co. v. OSI Industries,*** 831 N.E.2d 192, 198 (Ind. App. 2005)("If the pleadings reveal that a claim is clearly excluded under the policy, then no defense is required."); ***Terre Haute First Nat'l Bank***, 634 N.E.2d at 1339; ***Trisler v. Indiana Insurance Co.***, 575 N.E.2d 1020, 1023 (Ind. App. 1991)("It is the nature of the claim, not its merit, which establishes the insurer's duty to defend"). Here, the relevant criminal statute explicitly requires proof of intent. Any conduct that requires proof of an intentional act is not an accident and is not covered by the homeowner's insurance policy regardless of the policy holder's innocence or alleged frame of mind at the time the act was committed. ***Terre Haute First Nat'l Bank***, 634 N.E.2d at 1339.

Similarly, the Benkovichs brought claims for assault, battery, and intentional infliction of emotional distress. The Benkovichs' allegations arise out of the sexual molestation and therefore are based on intentional acts. *See **American Family Mutual Insurance Co. v. Bower***, 752 F.Supp.2d 957, 966 (N.D. Ind. Nov. 5, 2010) (explaining that torts arising out of sexual molestation are based on intentional conduct). *See also **Mutual Service Casualty Insurance Co. v. Country Life Insurance Co.,*** 859 F.2d 548, 552 (7th Cir. 1988) (explaining that assault was interpreted not to be an occurrence). More importantly, by their

9

nature, each of these claims is an intentional tort and requires proof of intentional conduct, removing it from the definition of occurrence as defined by the insurance policy. *See Mutual Service,* 859 F.2d at 552 ("Intentional torts are deemed outside the scope of such an occurrence."); *Kamaki Skiathos, Inc. v. Essex Ins. Co.*, 396 F.Supp.2d 624, 628 (D.Md. 2005) (finding that insurance policy did not cover claims for battery because they were precluded by the intentional act exception under the policy).

Again, the Benkovichs would be required to prove that Pipchok acted with the intent to commit the requisite acts. Such conduct clearly is outside the scope of Pipchok's homeowner's insurance policy. Pipchok did not file a response brief and has failed to point to one allegation raised in the Benkovichs' complaint that arose from unintentional conduct. This failure is detrimental to his defense. Because all of the underlying claims arose from Pipchok's intentional acts, the events giving rise to the claim were not an "occurrence" as defined by the policy, and State Farm does not owe a duty to defend.

_____

Based on the foregoing, the Motion for Summary Judgment [DE 31] filed by the plaintiff, State Farm Fire & Casualty Company,

on June 15, 2012, is **GRANTED.**

ENTERED this 30th day of October, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge